# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| HAROLD LEWIS LAMONDS, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LAKE RIDGE PARKS & RECREATION ) <br> ASS., et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:18-cv-00442 (AJT/TCB) |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's First Motion for Attorney Fees and Costs (Dkt. 50), Second Motion for Attorney Fees and Costs (Dkt. 58), Defendant's First Motion for Sanctions (Dkt. 37), and Defendant's Third Motion for Sanctions (Dkt. 56). On November 13, 2018, the district judge dismissed the case for Plaintiff's failure to prosecute (Dkt. 60). Plaintiff had failed to respond to the district judge's Show Cause Order. Prior to dismissal, the undersigned entered an order on October 17, 2018, stating that the undersigned would take Defendant's Motion for Sanctions (Dkt. 37) "under consideration in conjunction with any future motions Defendant may file regarding Plaintiff's failure to attend his upcoming deposition, as well as Defendant's statement of fees and costs incurred in bringing its Motions to Compel" (Dkt. 42).[1] Now, the undersigned addresses and awards, in part, those requests for attorney's fees and costs.

Defendant's First Motion seeks attorney's fees and costs incurred in pursuing its Motion to Compel Discovery (Dkt. 25), Emergency Motion to Compel Plaintiff to Meet and Confer and to Attend his Deposition (Dkt. 28), and Emergency Motion to Extend Discovery and Compel

---

1. Because this case was dismissed, the undersigned will treat Defendant's Second Motion for Sanctions (Dkt. 47) as moot.

Plaintiff's Deposition (Dkt. 32). Defendant counsel's total fees for those three (3) motions is $4,379. Defendant's Second Motion seeks attorney's fees and costs incurred in connection with its two (2) Motions for Sanctions (Dkt. 37, 47). Defendant counsel's total fees for those Motions is $2,416.[2] Defendant's First Motion for Sanctions seeks monetary sanctions in the form of $574 in attorney's fees and $706 in costs.[3] Defendant's Third Motion for Sanctions seeks $706 in costs. In support of its requests for fees and costs, Defendant provides attorney declarations, itemized charts of the legal services performed, and copies of invoices.[4]

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a court grants a motion to compel, then "the court must ... require the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A).[5] Therefore, should a court grant a motion to compel, it may only decline to award reasonable expenses if one of a limited number of exceptions apply. Id.

Here, the Court granted two of Defendant's Motion to Compel and denied another (Dkts. 30, 41).[6] Because the Court finds that none of the Rule's enumerated exceptions apply, the Court

---

2. Defendant also seeks attorney fees for "some preliminary time spent preparing Defendant's third Motion for Sanctions [(Dkt. 56)]."

3. Defendant's Motion (Dkt. 37) and Memorandum in Support (Dkt. 38) state that they are requesting $547 in attorney's fees. This appears to be a typographical error as the Declaration in Support establishes that Defendant incurred $574 in attorney's fees. (Dkt. 38, Ex. E ¶ 7.)

4. Some of the declarations considered by the Court include: Declaration of Linda Otaigbe, Esq., in Support of Defendant's Statement of Attorneys' Fees and Costs (Dkt. 50-2) ("Otaigbe Decl.") and Declaration of Charles McNeil Elmer, Esq., in Support of Defendant's Statement of Attorneys' Fees and Costs (Dkt. 50-2) ("Elmer Decl.").

5. Rule 37(a)(5)(A) also states that fees and costs may not be awarded unless the parties have been given an opportunity to be heard. The undersigned held a hearing on October 12, 2018 to consider Dkts. 25 and 32, which Plaintiff did not attend.

6. The Court's September 25, 2018 order denied Defendant's Emergency Motion to Compel Plaintiff's Deposition (Dkt. 28) because it found that "the more appropriate and expeditious course [was] for Defendant to file an appropriate motion to compel for Plaintiff's failure to comply with the notice of deposition and/or discovery requests" (Dkt. 30). The Court's October 12, 2018 order granted Defendant's Motion to Compel Plaintiff's deposition and denied its request to extend discovery (Dkt. 41).

shall award Defendant attorney's fees for those two Motions (Dkts. 25, 32) upon a determination that they are reasonable.

The Court finds that Defendant's counsel reasonably spent 10.3 total hours in connection with the Motions to Compel, consisting of 4.5 hours by Linda Otaigbe (Otaigbe Decl. ¶¶ 4,6), and 5.8 hours by Charles M. Elmer (Elmer Decl. ¶ 4). Ms. Otaigbe is an associate and her hourly billing rate in this case is $255. (Otaigbe Decl. ¶ 2.) Mr. Elmer is a partner and his hourly billing rate in this case is $295. (Elmer Decl. ¶ 2.) After reviewing counsel's itemized time entries as well as the twelve factors to be considered when determining the reasonable billing rate and hours,[7] see Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243-44 (4th Cir. 2009), the Court finds that Defendant should be award $2,858.50 in attorney's fees.[8]

In terms of sanctions, Rule 37(d) allows for an award of sanctions if a party fails to attend its own deposition. See FED. R. CIV. P. 37(d)(1)(A)(i) ("[A court] may order sanctions if: a party fails ... after being served with proper notice, to appear for that person's deposition."). Sanctions include requiring the "party failing to act" to pay reasonable expenses, including attorney's fees." Id. Additionally, Rule 37(b)(2)(C) states that should a court find that a party has failed to obey a discovery order, "the court must order the disobedient party ... to pay the reasonable expenses, including attorney's fees, caused by the failure." FED. R. CIV. P. 37(b)(2)(C). A court may only decline to award expenses if "the failure was substantially justified or other circumstances make an award of expenses unjust." Id. Before awarding sanctions, a court must also consider whether

---

7. The Court finds the rates charged by Ms. Otaigbe and Mr. Elmer are reasonable after having reviewed the USAO Attorney's Fees Matrix. See Brown v. Transurban USA, Inc., 318 F.R.D. 560, 575-76 (E.D. Va. 2016) (finding that the USAO "Matrix is useful 'as a guideline for reasonable attorneys' fees'" and "other courts in the Fourth Circuit have used" the Matrix) (quoting In re Neustar, No. 1:14-cv-885 (JCC/TRJ), 2015 WL 8484438, at *10 n.6 (E.D. Va. Dec. 8, 2015)).

8. The Court declines to award fees incurred in connection with Defendant's Emergency Motion to Compel Plaintiff to Meet and Confer and to Attend his Deposition (Dkt. 28), as it denied that Motion. See FED. R. CIV. P. 37(a)(5)(B). Therefore, the fees associated with that Motion will not be awarded. (Otaigbe Decl. ¶ 5; Elmer Decl. ¶ 3.)

"(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Anderson v. Found. for Advancement, Educ. and Emp't of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998).

In this case, Plaintiff failed to attend his deposition scheduled for October 8, 2018, after being properly noticed by Defendant. Although Defendant did unilaterally set the time, date, and location of the deposition, the Court already determined that Defendant's actions were appropriate given Plaintiff's recalcitrance (Dkt. 30). As a result of Plaintiff's failure to attend, attorney's fees and costs were unnecessarily expended by Defendant's counsel. (Dkt. 38 at 6-7, Ex. E.) Moreover, upon review of Defendant's invoices and time expended, the Court finds that Defendant's expenses are reasonable. Therefore, Defendant should be awarded $1,280 in attorney's fees and costs due to Plaintiff's unjustified failure to attend his deposition on October 8, 2018. Similarly, Plaintiff also refused to attend his court-ordered October 25 deposition causing Defendant to once again unnecessarily incur the cost of hiring a court reporter and videographer. (Dkt. 57 at 4-6, Ex. B ¶ 7.) As a result, Defendant should also be awarded $706 in costs for Plaintiff's unjustified failure to attend his deposition on October 25, 2018.

After Plaintiff failed to attend his October 8 deposition, the undersigned entered an order compelling Plaintiff to appear at Defendant counsel's office for a deposition on October 25, 2018 (Dkt. 41). In that same order, the undersigned granted Defendant's Motion to Compel, thereby requiring Plaintiff to respond to Defendant's discovery requests within two (2) days. Plaintiff failed to respond to any of Defendant's discovery requests despite the Court's order. (Dkt. 48 at 4-5.) Furthermore, Plaintiff disobeyed the Court's order by not attending the October 25 deposition. Due to Plaintiff's non-cooperation and complete abandonment of this case, the

undersigned finds that sanctions are appropriate under Rule 37(b)(2).

Again, after reviewing counsel's declarations and time entries, the Court finds that the fees incurred by Defendant pursing its Motion for Sanctions are reasonable. Therefore, Defendant should be awarded $2,314 in attorney's fees.[9]

On a final note, the Court appreciates that Plaintiff proceeded pro se in this case. See White v. Lever, 5:09-cv-81-RLV-DCK, 2009 WL 4062878, at *1 (W.D.N.C. Nov. 20, 2009) ("Pro se litigants are entitled to some deference from courts." (citations omitted)). However, it is well settled that "[p]ro se litigants are not immune from any sanction by virtue of their status alone." Matthews v. Rational Wiki Found., No. 1:14-cv-257, 2017 WL 1129974, at *2 (E.D. Va. Mar. 24, 2017) (quoting Zaczek v. Fauquier Cty., Va., 764 F. Supp. 1071, 1076 (E.D. Va. 1991)). In a similar case, the Court awarded sanctions against a pro se plaintiff (also bringing an employment discrimination claim) after Plaintiff failed to attend a properly noticed deposition and refused to respond to defendant's written discovery. See White v. Golden Corral of Hampton, LLC, No. 4:13-cv-27, 2013 WL 12143951, at *1-2 (E.D. Va. Dec. 20, 2013), report and recommendation adopted in part by 2014 WL 12591153, at *2 (E.D. Va. Jan. 15, 2014) (adopting magistrate judge's recommendation, in part, that Defendant be awarded attorney's fees and costs).

Here, like in White, Plaintiff failed to respond to discovery and refused to attend a properly scheduled deposition. Moreover, unlike in White, this Court did previously warn Plaintiff that severe consequences would result from his continued refusal to participate in this litigation, including dismissal (Dkts. 45, 54). Yet, Plaintiff still declined to communicate with Defendant's counsel, appear in court, or even respond to the Court's orders. Therefore, awarding attorney's

---

9. The undersigned declines to award fees for .40 hours of work Defendant counsel's time spent "strategizing regarding how to prepare Defendant's third motion for Sanctions." (Dkt. 58, Ex. B ¶ 6.) Therefore, Defendant's requested fees will be lowered by $102 (calculated using Ms. Otaigbe's hourly rate of $255).

fees and costs to Defendant for its Motions to Compel and for Sanctions is appropriate. Cf. Lever, 2009 WL 4062878, at *1-2 (declining to award attorney's fees pursuant to Rule 37(a)(5)(A) against pro se plaintiff only after plaintiff indicated she had a very serious family illness and desired to voluntarily dismiss the case).

Therefore, Defendant shall be awarded $5,746.50 in attorney's fees, consisting of $2,858.50 for its Motions to Compel, $574 for Plaintiff's failure to attend his October 8 deposition, and $2,314 for Defendant's Motions for Sanctions. Additionally, Defendant shall also be awarded $1,412 in costs. An appropriate order shall issue

The Clerk is directed to forward a copy of this Opinion to parties and counsel of record.

ENTERED this 12th day of December, 2018.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia